UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CAPUTO,

                Plaintiff,                Civil Action No. 19-12424
                                                Honorable David M. Lawson

v.                                                Magistrate Judge David R. Grand

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT [1] FOR FAILURE TO PROSECUTE

**I.    RECOMMENDATION**

Plaintiff James Caputo ("Caputo") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his claim for benefits. Caputo having failed to pay the appropriate filing fee, the Court RECOMMENDS that his complaint be DISMISSED for failure to prosecute.

**II.    REPORT**

    **A.    Background**

Caputo commenced this action on August 16, 2019. (ECF No. 1.) Concurrent with the filing of the complaint, he also applied to proceed without the prepayment of fees or costs ("in forma pauperis"). (ECF No. 2.) On September 9, 2019, the undersigned issued a Report and Recommendation to deny Caputo's application to proceed in this case *in forma pauperis*, finding that he did "not lack the funds or access to funds to pay the required filing fee." (ECF No. 4, PageID.8-10.) Caputo did not object to that recommendation, which was adopted by court order on September 27, 2019. (ECF No. 5.) On October 4, 2019, the Court ordered Caputo to pay the required filing fee of $400.00 to the Clerk of Court by October 25, 2019. (ECF No. 6.) The

Court warned Caputo that his failure to pay the filing fee by this deadline would result in the Court issuing a Report and Recommendation to dismiss his complaint for failure to prosecute. It is now well past that deadline, and Caputo has not paid the filing fee.

### B. Legal Standard

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999)). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629.

The Sixth Circuit has established a four-factor test to determine whether a case should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *Knoll*, 176 F.3d at 363. Those factors are: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.*

### C. Analysis

With respect to the first factor, even after the Court warned Caputo that his failure to pay the required filing fee would result in a recommendation that his case be dismissed, he still failed to do so. Therefore, even though it is not clear that Caputo's failure was done in bad faith, it is

"certainly willful and with fault." *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 U.S. Dist. LEXIS 68040, *3 (E.D. Mich. May 14, 2013).

As to the second factor, there is little prejudice to the Commissioner, as Caputo's failure simply results in a delay in the litigation. However, the third and fourth factors weigh heavily in favor of dismissal, as Caputo has been given a clear warning that the case would be dismissed if he did not pay the filing fee. Under these circumstances, "dismissal is the only appropriate remedy" because Caputo "has effectively abandoned the case." *Id.*

### III.  CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Caputo's complaint **(ECF No. 1.)** be **DISMISSED** for failure to prosecute.

Dated: November 6, 2019  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A

party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email and First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 6, 2019.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
